NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

IN RE TERMINATION OF PARENTAL
RIGHTS AS TO C.C.

No. 1 CA-JV 25-0039

FILED 10-20-2025

Appeal from the Superior Court in Maricopa County
No. JD41469
The Honorable Pamela S. Gates, Judge

**AFFIRMED**

APPEARANCES

Arizona Attorney General's Office, Tucson
By Markia J. Hodge
*Counsel for Appellee, Department of Child Safety*

Maricopa County Legal Advocate's Office, Phoenix
By Amanda L. Adams
*Counsel for Child*

E.C., Phoenix
*Pro Se*

David W. Bell, Attorney at Law, Mesa
By David W. Bell
*Advisory Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge David B. Gass delivered the decision of the court, in which Judge Michael J. Brown and Judge Andrew J. Becke joined.

---

**G A S S**, Judge:

¶1        Father appeals the superior court's order terminating his parental rights to child on the grounds of chronic substance abuse. Father argues the superior court violated his due process rights because the Department of Child Safety suppressed a March 2024 police report and he did not receive notice of what he says was a continued termination adjudication held on February 6, 2025. Father does not challenge the grounds for termination.

¶2        The Department introduced and the superior court admitted the March 2024 police report into evidence at the adjudication. Father was present at the February 5, 2025 adjudication. And the adjudication did not continue on February 6, 2025. The court thus affirms.

## FACTUAL AND PROCEDURAL HISTORY

¶3        The case begins with an earlier dependency. Child's maternal aunt filed a private dependency petition alleging mother and father were unable to parent because of substance abuse, and domestic violence. After investigation, the Department took legal custody of the child and had the aunt remain the child's placement. Around 3 months later, the superior court adjudicated child dependent as to mother and father.

¶4        During the first dependency, father minimally engaged in court-ordered services and failed to engage in any treatment. Father took just 8 drug tests, some of which were positive for alcohol and marijuana. Father also did not provide proof of housing or employment. During the same time, mother completed a treatment program, attended domestic-violence counseling, and drug tested regularly. Mother's drug tests showed she maintained her sobriety during that time.

¶5        Around 15 months into the first dependency, the superior court placed the child with mother, ordered father to have weekly supervised visits, and dismissed the dependency.

**¶6**  Around 9 months later, mother died. She and the child were living with the aunt when mother died, so the child remained with the aunt. Two weeks after mother's death, father showed up at the aunt's house demanding the aunt give him the child. When the aunt did not, father called the police alleging the aunt was denying him custody of the child and wanted to press charges. The police went to the aunt's house, determined father did not have legal custody, and took no further action.

**¶7**  A few weeks later, the aunt filed a second private dependency petition alleging father had been absent, continued to use substances and alcohol, and had not supported the child for at least 3 years. The Department again became involved and investigated. Father continuously cancelled scheduled interviews and he did not drug test. Around a month later, the Department took temporary custody of the child, substituted into the aunt's private dependency, and filed its own second dependency petition based on father's drug and alcohol abuse, and domestic violence.

**¶8**  Within a month, the superior court gave the Department temporary legal custody and placed the child with the aunt. The Department referred father for reunification services, but father again failed to engage in treatment and continued to test positive for drugs and alcohol. After the contested dependency hearing, the superior court found the child dependent as to father because of his substance abuse.

**¶9**  Around 2 months later, the Department moved to terminate father's parental rights because of his failure to engage in services. Around 3 months after the Department filed its motion, the superior court held a contested termination hearing. Father was present and represented by counsel. The superior court terminated father's parental rights to the child on grounds of chronic substance abuse.

**¶10**  The court has jurisdiction over father's timely appeal under Article VI, Section 9, of the Arizona Constitution, and A.R.S. §§ 8-235.A, 12-120.21.A.1, and 12-2101.A.1.

## DISCUSSION

**¶11**  The court accepts the superior court's findings "if reasonable evidence and inferences support them." *Alma S. v. Dep't of Child Safety*, 245 Ariz. 146, 151 ¶ 18 (2018) (citation omitted); *see also Brionna J. v. Dep't of Child Safety*, 255 Ariz. 471, 478 ¶ 30 (2023). The court defers to the superior court's factual findings because the superior court "is in the best position to weigh the evidence, observe the parties, judge the credibility of witnesses, and resolve disputed facts." *Jordan C. v. Ariz. Dep't of Econ. Sec.*, 223 Ariz. 86, 93

¶ 18 (App. 2009) (citation omitted). The court will not reweigh the evidence. *Maria G. v. Dep't of Child Safety*, 253 Ariz. 364, 366 ¶ 8 (App. 2022). The court reviews questions of law *de novo*, including interpretations of statutes. *Brionna J.*, 255 Ariz. at 476 ¶ 17.

**¶12**        Father raises 3 issues. First, he challenges the superior court's expired temporary custody and removal order. Second, he argues the Department suppressed evidence of the police report from the day he confronted the aunt at her house. Third, he argues he did not receive notice of an alleged second day of the termination adjudication. We address each in turn.

**¶13**        As to father's first argument, the issue is moot.[1] The superior court's review process is cumulative because it "does not engage in a perpetual review of the same evidence." *Dep't of Child Safety v. Stocking-Tate*, 247 Ariz. 108, 114 ¶ 14 (App. 2019). Instead, "each new order necessarily replaces the last as the [superior] court gains information and perspective." *Id.*; *see also Bennigno R. v. Ariz. Dep't of Econ. Sec.*, 233 Ariz. 345, 349 ¶ 16 (App. 2013) (recognizing child welfare considerations "are rarely, if ever, static" and "it is more likely that the child's environment is constantly evolving") (citation omitted). In general, appellate arguments challenging a superior court's order become moot when the superior court makes "new findings, based on the circumstances as they exist today." *Brionna J. v. Dep't of Child Safety*, 247 Ariz. 346, 351 ¶ 17 (App. 2019). Father's challenge to the long-expired temporary custody and removal order thus is moot. *See In re Dependency as to G.K.*, 258 Ariz. 323, 326 ¶ 11 (App. 2024) (declining to review expired dependency finding as moot). The court declines to address it further.

**¶14**        The facts do not support father's second and third issues. As to the second issue, the Department did not suppress any of the police reports. Indeed, the Department offered, and the superior court admitted, the police report into evidence at the termination adjudication. As to the third issue, the superior court held the contested termination adjudication on February 5, 2025. The record shows father received notice and was present at that adjudication, and the adjudication hearing did not continue beyond that date.

---

[1] Father filed a Motion to Withdraw Accusation of due process violations. Based on the court's resolution of the issues, the court denies the motion as moot.

## CONCLUSION

¶15        Father does not otherwise challenge the superior court's findings as to the grounds and the child's best interests. Because substantial evidence supports the superior court's findings, the court affirms.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:              JR